IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON GREEN, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:22-CV-27-E-BK |
| § | |
| JUDGE SASHA MORENO, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I.    BACKGROUND**

On January 6, 2022, Brandon Green, a self-proclaimed sovereign citizen, filed a *pro se* complaint against Justice of the Peace Sasha Moreno, Tri Pro Management Inc., Rustic Ridge Apartments, and an unidentified attorney or manager. Doc. 3 at 1, 3. Green requests damages for violations of his civil rights under 42 U.S.C. § 1983 and for violations of the "Tuckers Act" and the Administrative Procedures Act (the APA) stemming from a January 2021 eviction lawsuit in Dallas County Justice of the Peace Court. Doc. 3 at 2-4; *see also Rustic Ridge v. Green*, No. JE-2100075L (Justice Court, Precinct 4, Place 2, Dallas Cnty., Tex.). Green asserts the defendants "acted with deliberate indifferent [sic] to the Constitution and or federal laws when they violated [his] right [under 42 U.S.C. § 1983], and [his] right to 'due process'." Doc. 3

at 3. He avers the defendants "conspired in a court hearing (in case number JE21-0075-L) to steal [his] property without . . . jurisdiction . . . and without due process of law." Doc. 3 at 3.

State court records confirm that on January 28, 2021, the Justice Court granted Rustic Ridge Apartments a judgment for eviction in No. JE-2100075L, which Green subsequently appealed. The County Court at Law ultimately entered a *Final Take Nothing Judgment* in Green's favor on April 1, 2021, finding that he could maintain possession of the premises because he had complied with the Center for Disease Control emergency orders regarding a moratorium on eviction cases that were based in whole or in part on non-payment of rent. *Rustic Ridge v. Green*, No. CC-21-00538-E (Cnty. Court at Law No. 5, Dallas Cnty., Apr. 1, 2021).[1]

Upon review, Green fails to present a cognizable claim or anything that can be construed as such in this Court. Therefore, this action should be dismissed as frivolous and for failure to state a claim.[2]

## II. ANALYSIS

Because Green seeks leave to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law

---

[1] Both state court's orders are available in Case No. CC-21-00538-E on the Dallas County website at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed Jan. 14, 2022).

[2] Although Green's complaint is unsigned, the Court notes that he signed his motion to proceed *in forma pauperis*. Doc. 3; Doc. 4. It is thus more efficient to dismiss the complaint than to require compliance with this Court's filing requirements.

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Green's complaint is frivolous and fails to state a claim.

Judge Moreno is entitled to absolute immunity from a damages claim stemming from a ruling in Green's eviction case. The judge's complained of action was performed in her capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Green has likewise failed to state a plausible claim for relief under § 1983 against Tri Pro management, Rustic Ridge Apartments, and the unidentified attorney or manager. While Green purports to allege constitutional violations, he cannot satisfy the requirements of 42 U.S.C. § 1983 that these Defendants, private citizens and private entities, must have acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'[M]ere private

conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach." (quoted case omitted)).³

Likewise, Green claims under the APA or Tucker Act fail as a matter of law. The APA "authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399-400 (5th Cir. 2020) (quoting 5 U.S.C. § 702). However, Green does not allege any adverse action by a federal agency.

Moreover, the Tucker Act waives the federal government's "immunity for certain damages suits in the Court of Federal Claims." *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020) (citations omitted); 28 U.S.C. § 1491(a)(1). But here Green does not sue the United States (much less in the Court of Federal Claims). Thus, he fails to state a plausible claim under the Tucker Act.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Green's legal claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that Green has apparently already pled his best case and that granting leave to amend under these circumstances would be futile and cause needless delay.

---

³ To pursue a § 1983 claim, the plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. CONCLUSION

For the foregoing reasons, Green's complaint should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on January 19, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).